UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAIHUA B., <br><br> Petitioner, <br><br> v. <br><br> CHRISTOPHER CHESTNUT, Warden of California City Detention Center; TODD M. LYONS, Acting Director of United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA BONDI, Attorney General of the United States, <br><br> Respondents. | No. 1:26-cv-00438-KES-HBK (HC) <br><br> ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS <br><br> Doc. 1 |

Petitioner Baihua B. is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.[1]  Docs. 1, 2.  The Court has previously addressed the legal issues raised by count two of the petition.  *See, e.g.*, *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only her first name and last initial, to protect sensitive personal information.  *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1  The Court informed the parties that it intended to rule directly on the petition and ordered
2  respondents to show cause as to whether there are any factual or legal issues in this case that
3  distinguish it from the Court's prior orders in *Clene C.D. v. Robbins*, *Bilal A. v. Wofford*,
4  and *W.V.S.M. v. Wofford*, and that would justify denying the petition. Doc. 6. Respondents
5  confirm that this "matter is not substantively distinguishable from the cited orders," and as
6  respondents acknowledge, the Court has previously addressed their arguments. Doc. 9 at 1–3.
7  Respondents agree that the Court should rule directly on the petition. *Id.*

8  Respondents again argue that *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103
9  (2020), holds that noncitizens like petitioner have no due process right to challenge their
10  detention. Doc. 9 at 2–4. But *Thuraissigiam* considered whether a noncitizen stopped at the
11  border had a due process right to challenge his *admissibility* into the United States; it did not
12  address a due process challenge to re-detention following a lengthy period of release in the United
13  States. *See id.* at 107. The Supreme Court considered in *Thuraissigiam* whether a non-citizen
14  detained just inside the border, and continuously detained thereafter, had a due process right to
15  obtain habeas review of his asylum claim. *Id.* at 106–07, 118–19 (noting that "respondent fail[ed]
16  to seek release" or dispute the validity of his confinement). It was in that context that the Court
17  found that the non-citizen in *Thuraissigiam* had "only those rights *regarding admission* that
18  Congress has provided by statute." *Id.* at 140 (emphasis added); *see also Padilla v. ICE*, 704 F.
19  Supp. 3d 1163, 1171–72 (W.D. Wash. 2023) (finding *Thuraissigiam* inapplicable to the question
20  of whether plaintiffs were entitled to bond hearings as *Thuraissigiam*'s holding was limited to
21  "rights regarding admission"). Petitioner does not challenge any admissibility determination in
22  this habeas proceeding, and *Thuraissigiam* does not foreclose her due process claim regarding her
23  detention.[2]

---

[2] The government's prior conduct in releasing petitioner subject to § 1226(a) also undermines respondents' claim that she is subject to mandatory detention under § 1225(b)(2)(A). The petition states, and respondents do not dispute, that in 2024 petitioner was "released her on her own recognizance." Doc. 1 at ¶¶ 2, 38; *see* Doc. 9. "[T]he phrase 'release on recognizance' [is] another name for 'conditional parole' under § 1226(a)." *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007). Immigration officials implicitly determined that petitioner was not subject to § 1225(b)(2)(A) when they released her on her own recognizance pursuant to 8 U.S.C.

1  As respondents have not made any new legal arguments and have not identified any
2  factual or legal issues in this case that would distinguish it from the Court's prior decisions in
3  *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12,
4  2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal.
5  Dec. 16, 2025), and *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL
6  3236521 (E.D. Cal. Nov. 19, 2025), the petition for writ of habeas corpus is GRANTED as to
7  count two, for the reasons stated in those prior orders and as further addressed above.[3]

8  Respondents are ORDERED to release petitioner immediately. Respondents are
9  ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear
10  and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that
11  petitioner is a flight risk or danger to the community such that her physical custody is legally
12  justified.

13  The Clerk of Court is directed to close this case and enter judgment for petitioner.

15  IT IS SO ORDERED.

16  Dated:   January 23, 2026

    UNITED STATES DISTRICT JUDGE

---

§ 1226(a) and placed her in removal proceedings pursuant to 8 U.S.C. § 1229a. *See Clene C.D.*, 2026 WL 84302, at *3–4.

[3] The Court need not address petitioner's other claims as petitioner is entitled to the relief she seeks based on the Court's ruling on this count.

3